UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY D. AMAKER,

                Plaintiff,

       -against-

K. GERBING, et al.

                Defendants.

ORDER OF SERVICE

17-CV-03520 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff commenced this *pro se* action while he was incarcerated at Bare Hill Correctional Facility, in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), but he has since been released.[1] By order dated October 15, 2019, the Court held that Plaintiff's complaint failed to state a claim on which relief could be granted but permitted Plaintiff to file an amended complaint. (Doc. 14). On January 13, 2020, Plaintiff filed an Amended Complaint. (Doc. 18). On February 21, 2020, the case was reassigned to Judge Roman, and on March 2, 2020, Judge Roman issued an Order to Amend, granting Plaintiff leave to file a Second Amended Complaint to replead his claims against Lieutenant John Doe. (Doc. 20). On April 3, 2020, this case was reassigned to me. To date, Plaintiff has not filed a Second Amended Complaint.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Plaintiff's original complaint was dismissed without prejudice to refiling; on August 26, 2019, the Court reopened this action. *See* Doc. 12.

2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## ANALYSIS

A.  Lieutenant John Doe

Plaintiff names Lieutenant John Doe as a defendant in the caption of the Amended Complaint, however, Plaintiff fails to plead any facts in the body of the pleading about what Lieutenant John Doe did or failed to do that violated Plaintiff's rights. Judge Roman's March 2, 2020 Order granted Plaintiff leave to further amend within 30 days of the date of that order to replead his claims against Lieutenant John Doe. To date, Plaintiff has not filed a second amended complaint. Accordingly, the Court deems the Amended Complaint the operative pleading, and dismisses Plaintiff's claims in the Amended Complaint against Lieutenant John Doe for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915A(b)(1).

B.  Service on the Remaining Defendants

The Clerk of Court is directed to issue summonses as to Defendants Otisville Superintendent K. Gerbing; Otisville Deputy of Security P. Early; Otisville Deputy Superintendent of Administration S. Roberts; Otisville Deputy Superintendent of Programs S. Bennett; Nurse P. Wolff; Dr. Gusman; Correction Officer J. Rio; Correction Officer K. Barber; Commissioner Anthony J. Annucci; Deputy Commissioner J. McCoy; Director of Special Housing D. Venetozzi; and Deputy Commissioner of Facility Operations J. Bellnier.

Plaintiff is directed to serve the summons and Amended Complaint on each Defendant within 90 days of the issuance of the summons.[2] If within those 90 days, Plaintiff has not either served the Defendants or requested an extension of time to do so, the Court may dismiss the claims against the Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

C.      Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Amended Complaint, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court deems Plaintiff's Amended Complaint the operative complaint, and dismisses Plaintiff's claims in the Amended Complaint against Lieutenant John Doe for failure to state a claim on which relief can be granted.

---

[2] Because Plaintiff is not proceeding IFP, he is not entitled to assistance from the United States Marshals Service in serving the defendants.

[3] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

The Court also directs the Clerk of Court to issue summonses for Defendants K. Gerbing; P. Early; S. Roberts; S. Bennett; P. Wolff; Dr. Gusman; J. Rio; K. Barber; Anthony J. Annucci; J. McCoy; D. Venetozzi; and J. Bellnier.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

                                     **SO ORDERED:**

Dated:   New York, New York
           August 31, 2020

                                     PHILIP M. HALPERN
                                     United States District Judge